E. C. JACKSON v. THE STATE.

No. 18165.   Delivered April 29, 1936.

The opinion states the case.

*Edwin M. Fulton* and *Robert W. Cummins,* both of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for polluting a water course; punishment, a fine of $250.00.

Art. 698 of our Penal Code makes it unlawful for any person to pollute any water course, etc., by throwing, casting or depositing, or causing to be thrown, cast or deposited any crude petroleum, oil, etc., into any water course from which water is taken for farm live stock, drinking and domestic purposes in the State of Texas. The facts show that appellant had charge of the Idaho Oil Company's lease in Upshur County, Texas, and that on said lease there was what is denominated by the witnesses as a water course near which was a slush pit, the oil from which either by overflow or seepage escaped into said water course whose waters were thereby polluted. It was alleged and shown by the proof that said water course passed through pastures in which milk cows and work stock such as mules and horses were kept and pastured, and from which water course said cows and stock drank. It was also shown that it was only a few feet from the edge of the slush pit mentioned to said water course. Appellant contends, as we understand the record, that the cause of the overflow of the slush pit and the escape of the oil into the water course was a break in a pipe line belonging to another company, the excess flow resulting from which break caused the slush pit referred to to overflow and pollute said water. This proposition is combatted by the State which introduced witnesses who testified that before the break of the pipe line referred to the water course had been polluted by oil escaping from said slush pit. The reconciliation of conflicting facts is for the jury, and they seem to have resolved them in this case against appellant. We have

been interested in the brief filed on behalf of the accused, in which the position seems to be taken that the State must prove, in order to make out its case, that a stream of water having a channel and consisting of well defined bed and banks, with a current of water, and a permanent source of supply, was polluted. The authority cited by appellant in his brief and chiefly relied upon is the case of Turner et al. v. Big Lake Oil Co., 62 S. W. (2d) 491. The opinion referred to was by the Court of Civil Appeals of the El Paso district, and an examination of the dockets of the Supreme Court of this State shows that a writ of error was granted upon the application of one of the parties to said cause, and that the cause has never been determined by our Supreme Court. However, the point involved in that case, in so far as it applies to the one before us is whether or not the testimony in this case sufficiently shows that a water course was polluted. The use in Art. 698, supra, of the expression "Water course" is very definite, and same is one of the best understood and well defined expressions known to the law. The courts have often defined the words "Water course," and in the opinion of Justice Higgins in the Turner et al. v. Big Lake Oil Co. case, supra, reference is made to the opinion of our Supreme Court in Hoefs v. Short, 114 Texas, 501, 273 S. W., 785, 40 A. L. R., 833, in which there is a lengthy discussion of what constitutes a water course, with quotations from, and citations to many authorities.

What constitutes a water course being well settled by the decisions of this and other states of the Union, we are compelled to hold that the proof made upon the trial of this case without dispute by witnesses, who testified that there was a water course near this slush pit, and that this water course was one from which water was taken for stock usage, and that this water course was polluted by the oil escaping from said slush pit,—the State made out its case. The statute last referred to penalizes him who "Pollutes any water course, or other public body of water." We are not called on to decide the question as to what constitutes any other public body of water, and only are concerned as to whether a water course was polluted, and it being affirmed, as testified again and again by the witnesses that a water course was polluted by oil escaping, with the knowledge of appellant, from a slush pit which this appellant had in his charge,—there seems no doubt as to the proper disposition of this point in the case.

Appellant contends that there is nothing in the record showing how or why a special judge presided in this case. The

record shows that the regular judge did not appear, and it being a regular term of court, the practicing lawyers before such court elected from among their number, after due proclamation at the court house door of such election, a special judge by ballot, counsel for appellant appearing as one of the number of attorneys so present and voting. The honorable gentleman who acted as judge in this case was declared duly elected, and took the oath of office. When this case was called no protest or objection appears in the record to the sitting of said special judge, hence since no question was raised the State was given no opportunity to show other reason for the selection of said special judge. We further note that the question was not presented in appellant's motion for new trial.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*